09-60456.rr1

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case Number: 09-60456-CIV-ALTONAGA-BROWN

WINNIFRED RAMSAY,

    Plaintiff,

vs.

BROWARD COUNTY SHERIFF'S OFFICE,
et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION - MOTION FOR ATTORNEY'S FEES AND ADDITIONAL COSTS

**This matter** is before this Court on Defendants' Motion for Attorney's Fees and Additional Costs...(D.E. 43), filed September 16, 2009. The Court has considered the motion, noted originally the lack of a response thereto, and considered all pertinent materials in the file. The Court has also considered the subsequently filed response which, as noted in its Third Order (D.E. 60) was found to be, with one possible exception, without merit.

The Court allowed defendant to file an addendum to the motion and further allowed plaintiff to respond to same, which she did. The Court issued an order after that response (D.E. 60) wherein it stated that the only merit to plaintiff's response might be her financial situation. The Court allowed plaintiff through December 9, 2009, to file a sworn and notarized financial statement if she wished consideration of her financial condition. Nothing was filed.

Defendant correctly states that the standard for awarding attorney's fees in cases such as this one is that the Court has the discretion to award same if the Court finds the case to be

1

"frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith". See Christiansburg Garment Co. v. EEOC, 434 U.S. 412,421, 98 S. Ct. 694, 700 (1978). Likewise, defendant correctly points out the factors to be considered in reaching this conclusion. See Sullivan v. School Board of Pinnellas County, 773 F. 2d 1182, 1189 (11th Cir. 1985).

It seems that if there ever were a case that was easy to determine as it regards this claim for fees it is the instant case. Simply stated, this lawsuit was filed after the same case was summarily disposed of by Judge Marra in earlier litigation - and that dismissal was upheld on appeal.

Plaintiff's opposition to the motion claims that the Court, in dismissing the case, did not find it to be "frivolous, unreasonable, etc ." (Paragraph 8 of the response). While this is a correct statement, that was not necessary to the dismissal of the case. It is on this motion for fees that said issue must be considered and resolved.

Plaintiff next talks at length about the alleged merits of the case filed before Judge Marra. Accepting those claims as true for the purposes of this motion, plaintiff fails to recognize that the prior case was resolved against her and when over, was over.[1] Plaintiff claims that awarding fees herein would be "outrageous considering that Plaintiff is a pro se litigant who has no legal education or experience" (paragraph 12 of the response). Nothing in the law exempts pro se litigants for being responsible for their actions. Presumably, according to plaintiff, she could file the same case again...and again, and rely on her "pro se status" to be exempt from the applicable rules of law that apply.

---

[1] This is notwithstanding the fact that the previous case was resolved by summary judgment which is an "on the merits' resolution.

Plaintiff addresses, ever so briefly, the billing of defendant, principally as it involves "drafts" (see paragraphs 12 and 13 of the response). Plaintiff fails to recognize that billing for receipt of her correspondence was only one part of the billing entry she questions in paragraph 12, and the fact that neither she nor the court ever received drafts billed is precisely correct -they were drafts. No law says one can only bill for preparation of the final version of a document.

It would serve no purpose to discuss further each and every rehashing from the plaintiff. Plaintiff has been given every opportunity to present her position before this Court but has fallen far short, once again. In addition, as to the specifics of the attorney's fees sought, there is nothing challenging the reasonableness of same, other than that mentioned above.

Therefore, and the Court being otherwise fully advised in the premises, the Court respectfully recommends that said motion be **GRANTED** and that attorney's fees in the sum of $8,585.00, and additional costs in the sum of, $291.66, be awarded to defendants.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of December, 2009.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Cecilia M. Altonaga
    counsel of record